IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONNA ROSEMAN and**
**MICHAEL WILLIAMS,**          STATE COURT FILE NO: 03-51-130-CK-B

       **Plaintiffs,**          U.S.D.C. FILE NO: 1:11-cv-00349

vs.                                      HON. _____

**CITY OF BENTON HARBOR, and**
**WILCE COOKE, BYRAN JOSEPH,**
**DUANE L. SEATS, II, MARCUS**
**MUHAMMAD, DAVID SHAW,**
**EDDIE MARSHALL, JAMES**
**HIGHTOWER, AND RON CARTER,**
each in their official and individual capacities,
jointly and severally

       **Defendants.**
_____/

| | |
|---|---|
| **Daniel W. Grow (P48628)** | **Michael S. Bogren (P34835)** |
| Attorney for Plaintiffs | Attorney for Defendants |
| TARGOWSKI & GROW, PLLC | PLUNKETT COONEY |
| 141 E. Michigan, Suite 201 | 950 Trade Centre Way, Suite 310 |
| Kalamazoo, MI 49007 | Kalamazoo, MI 49002 |
| Telephone: 269/519-8222 | Telephone: 269/226-8822 |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

      NOW COME the Defendants, by and through their attorneys PLUNKETT COONEY and in answer to the Plaintiffs' First Amended Complaint state:

### JURISDICTION

      ALLEGATION 1.    Plaintiffs Donna Roseman and Michael Williams are residents of the County of Berrien, State of Michigan.

ANSWER 1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

ALLEGATION 2. Plaintiffs are persons entitled to bring an action under the Open Meetings Act.

ANSWER 2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

ALLEGATION 3. Defendant City of Benton Harbor is a municipal corporation organized and existing under the constitution and laws of the State of Michigan.

ANSWER 3. Admitted.

ALLEGATION 4. The Benton Harbor City Commission ("the Commission") is a public body subject to the Open Meetings Act, and the public body serves in the County of Berrien, State of Michigan.

ANSWER 4. Admitted.

ALLEGATION 5. Defendant Wilce Cooke is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER 5. Admitted.

ALLEGATION 6. Defendant Byran Joseph is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER 6. Admitted.

ALLEGATION 7. Defendant Duane L. Seats II is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER 7. Admitted.

ALLEGATION 8. Defendant Marcus Muhammad is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER 8. Admitted.

ALLEGATION 9. Defendant David Shaw is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER 9.Admitted.

ALLEGATION 10.Defendant Eddie Marshall is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER 10.Admitted.

ALLEGATION 11.Defendant James Hightower is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER11.Admitted.

ALLEGATION 12.Defendant Ron Carter is a resident of the County of Berrien, State of Michigan, and is a public official under the Open Meetings Act.

ANSWER 12.The allegations contained in paragraph 12 are denied as untrue.

ALLEGATION 13.This complaint is made, in part, under the Open Meetings Act ("OMA") seeking damages, penalties, and injunctive relief, including challenging the validity of decisions by the Commission, seeking invalidation of decisions by the Commission, to enjoin further noncompliance of the OMA, and to compel compliance with the OMA.

ANSWER 13.The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

ALLEGATION 14.This complaint further asserts violations of Plaintiffs' constitutionally protected rights, the Benton Harbor Charter, and the Benton Harbor Code of Ordinances.

ANSWER 14.The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

ALLEGATION 15.All or part of the causes of action arose in the County of Berrien, State of Michigan.

ANSWER 15.Admitted.

ALLEGATION 16.The amount in controversy here, exclusive of costs and interest, exceeds the sum of $75,000 or this matter is otherwise within the jurisdiction of this Court.

ANSWER 16.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

## COMMON ALLEGATIONS

ALLEGATION 17.    Plaintiffs are residents of the City of Benton Harbor.

ANSWER 17.      Admitted.

ALLEGATION 18.    As residents, they are active in both the community and in matters relating to politics, local government, and social issues.

ANSWER 18.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

ALLEGATION 19.    Plaintiffs routinely attend meetings of the Commission, as well as meetings of various committees and organizations, including sub-committee meetings of the Commission.

ANSWER 19.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

ALLEGATION 20.    Plaintiffs avail themselves of their constitutionally protected rights at these meetings, take an active roll, and endeavor to make their viewpoints known.

ANSWER 20.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

ALLEGATION 21.    Frequently the viewpoints expressed by Plaintiffs are contrary to the viewpoints held by a controlling majority of the Commission.

ANSWER 21.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

ALLEGATION 22.    Frequently the opinions expressed by Plaintiffs are critical of the decisions of some or all of the Commission, and may even involve questions relating to the competency and integrity of the Commission and the conduct of the affairs in the City of Benton Harbor.

ANSWER 22.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

ALLEGATION 23.    The opinions expressed are often of a highly political nature, and include opinions that relate to matters of great significance to all of the citizens of Benton Harbor and southwest Michigan.

ANSWER 23.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

ALLEGATION 24.    The Open Meetings Act recognizes the important roll dissent and critical assessment plays in the conduct of governmental affairs in a free society in guaranteeing the right to "all persons" to attend "any meeting," except as specifically identified in the OMA.

ANSWER 24.    The Defendants are without knowledge or information sufficient to form a belief as to the plaintiffs' subjective characterization of the Open Meetings Act.

ALLEGATION 25.    Notably, none of the exceptions in the OMA relate to excluding individuals from the political process because they hold a dissenting view or express views critical of governmental officials.

ANSWER 25.    The Defendants are without knowledge or information sufficient to form a belief as to the plaintiffs' subjective characterization of the Open Meetings Act.

ALLEGATION 26.    Indeed, the OMA carefully defines the exceptions to protect those who may be critical of the body's decisions, etc.

ANSWER 26.    The Defendants are without knowledge or information sufficient to form a belief as to the plaintiffs' subjective characterization of the Open Meetings Act.

ALLEGATION 27.    On July 14, 2010, Plaintiffs attended one of the Commissions sub-committee meetings, a meeting of the Public Safety and Recreation Committee.

5

ANSWER 27. Admitted.

ALLEGATION 28. At the meeting, Plaintiff Donna Roseman made comments critical of the decisions of the sub-committee and was critical of the way members of that sub-committee had conducted affairs of the sub-committee.

ANSWER 28. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

ALLEGATION 29. Individuals other than Plaintiffs made comments that were likewise critical the sub-committee

ANSWER 29. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

ALLEGATION 30. During the course of the sub-committee meeting, all individuals involved became emotionally engaged in various ways at various times.

ANSWER 30. The Defendants do not understand the vague allegations contained in paragraph 30 and are therefore without knowledge or information sufficient to form a belief as to the truth of those allegations.

ALLEGATION 31. Although the voice of Plaintiff Williams can't be heard on the audio tape recording of the meeting, some of the members of the sub-committee became inordinately interested in a comment that Plaintiff Williams apparently said under his breath in the very rear of the room where the meeting was taking place.

ANSWER 31. Paragraph 31 does not contain properly pled allegations of fact but contains improper subjective statements of opinion to which no response is required. To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

ALLEGATION 32. The sentiments of Plaintiff Williams were at worst a muffled expression of his extreme frustration with the sub-committee and the City generally, and by no means were intimidating, threatening, or provoking.

ANSWER 32. Paragraph 32 does not contain properly pled allegations of fact but contains improper subjective statements of opinion to which no response is required. To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

ALLEGATION 33. The reaction of some of the sub-committee members to Plaintiff Williams' muffled comments was consistent with the reaction of individuals who are unwilling to tolerate dissent, and indeed their reaction was far more disturbing to the proceeding than any comment or action of Plaintiffs.

ANSWER 33. The allegations contained in paragraph 33 are denied as untrue.

ALLEGATION 34. On the following day, July 15, 2010, various communications occurred, including the exchange of messages by electronic mail, between Commission members and other members of the government of the City of Benton Harbor, and those individuals schemed to exclude Plaintiffs from the political process entirely.

ANSWER 34. The allegations contained in paragraph 34 are denied as untrue.

ALLEGATION 35. The next regular Commission meeting was on July 19, 2010.

ANSWER 35. Admitted.

ALLEGATION 36. At the meeting a resolution was proposed, amended, and ultimate adopted, banning Plaintiffs from participating in the political affairs of the city of Benton Harbor.

ANSWER 36. The allegations contained in paragraph 36 are denied as untrue.

ALLEGATION 37. In addition to banning Plaintiffs the resolution further imposes conditions for a degrading and improper apology by Plaintiffs, and to further permit Plaintiffs to beg and plead to have their legal rights returned to them.

ANSWER 37. The allegations contained in paragraph 37 are denied as untrue.

ALLEGATION 38. The resolution generally purports to rest on the City Commission "Code of Conduct," but it is little more than a thinly veiled effort to chill dissenting opinions, instill fear, and curtail participation in the political process in a manner that violates constitutional rights.

ANSWER 38. The allegations contained in paragraph 38 are denied as untrue.

ALLEGATION 39. Subsequent to adopting the resolution, those involved with the decision to exclude them further endeavored to act in a manner that would not only prohibit Plaintiffs' attendance at meetings, but from the City offices generally.

ANSWER 39. The allegations contained in paragraph 39 are denied as untrue.

ALLEGATION 40. These efforts to exclude Plaintiffs from the City offices generally included various communications, including the exchange of messages by electronic mail, between Commission members and other members of the government of the City of Benton Harbor.

ANSWER 40. The allegations contained in paragraph 40 are denied as untrue.

ALLEGATION 41. Since Plaintiffs have been excluded in the broadest of terms from participation in the political process, the commission has rushed forward with various matters of great significance to the detriment of Plaintiffs and all citizens of the City of Benton Harbor.

ANSWER 41. The allegations contained in paragraph 41 are denied as untrue.

ALLEGATION 42. The decisions made stand to subject Plaintiffs and the citizens of Benton Harbor to irreparable harm.

ANSWER 42. The allegations contained in paragraph 42 are denied as untrue.

ALLEGATION 43. The nature of the actions of Defendants have caused Plaintiffs to endure ridicule, belittlement, harassment, and embarrassment, and they have suffered the related indignity, sadness, and humiliation that accompanies such wrongful actions.

ANSWER 43. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

## COUNT 1

## VIOLATIONS OF THE OPEN MEETINGS ACT

ALLEGATION 44. Plaintiffs reassert and re-allege each and every allegation contained in paragraphs 1 through 42 as though fully stated here.

ANSWER 44. The Defendants incorporate by reference paragraphs 1 through 43 of their Answer as if set forth fully herein.

ALLEGATION 45. All of the actions stated above by Defendants violated the Open Meetings Act.

ANSWER 45. The allegations contained in paragraph 45 are denied as untrue.

ALLEGATION 46. Defendants' noncompliance with the provisions of the Open Meetings Act has impaired the rights of Plaintiffs and the public under the Act, and have had the general effect of preventing members of the public from expressing their views.

ANSWER 46. The allegations contained in paragraph 46 are denied as untrue.

ALLEGATION 47. Pursuant to Section 11 of the Open Meetings Act, Plaintiffs are entitled to an order directing Defendants to comply with the provisions of the Act in the future, and enjoining further noncompliance of the Act, and directing the payment of costs and attorney fees.

ANSWER 47. The allegations contained in paragraph 47 are denied as untrue

9

ALLEGATION 48. Defendants' violation of the Open Meetings Act was intentional, and Plaintiffs are entitled to actual and exemplary damages in an amount not to exceed $500 for each violation of Act, plus costs and attorney fees.

ANSWER 48. The allegations contained in paragraph 48 are denied as untrue.

ALLEGATION 49. As a direct and proximate cause of Defendants violation of Plaintiffs' rights under the Michigan Constitution, the OMA, and the common law of Michigan, Plaintiffs have suffered economic loss and consequential damages, including harm to their reputation in the community, mental anguish emotional distress, pain and suffering, fear, humiliation, embarrassment, outrage and indignity; Plaintiffs have likewise suffered incidental losses and have incurred legal expenses

ANSWER 49. The allegations contained in paragraph 49 are denied as untrue.

## COUNT II

### VIOLATIONS OF CIVIL RIGHTS PURSUANT TO THE FIRST, FIFTH, NINTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AND 42 USC §1983, 1988

ALLEGATION 50. Plaintiffs reassert and re-allege each and every allegation contained in paragraphs 1 through 48 as though fully set forth herein.

ANSWER 50. The Defendants incorporate by reference paragraphs 1 through 49 of their Answer as if set forth fully herein.

ALLEGATION 51. Defendants deliberately and purposefully denied Plaintiffs' ability to participate in the political process, and generally discouraged the public from expressing dissenting or minority views.

ANSWER 51. The allegations contained in paragraph 51 are denied as untrue.

ALLEGATION 52. When the events alleged in this complaint occurred, Defendants were acting under color of law, and their claims are brought under 42 USC §1983 for violations of the Constitution, laws, or treaties of the United States.

10

ANSWER 52. It is admitted that defendants were acting under color of law.

ALLEGATION 53. At all material times, as commissioners and/or employees of the City of Benton Harbor, the City of Benton Harbor is liable for their acts and is also liable because of its policies, practices, and customs, which lead to this complaint of violations.

ANSWER 53. The allegations contained in paragraph 53 are denied as untrue.

ALLEGATION 54. Plaintiffs' constitutionally protected rights that Defendants violated include the(sic) their right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, their right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

ANSWER 54. The allegations contained in paragraph 54 are denied as untrue.

ALLEGATION 55. Defendants' actions were without even a modicum of the fundamental requirements of procedural due process, such as notice and a meaningful opportunity to be heard, and as such Defendants violated Plaintiffs' constitutionally protected right to procedural due process.

ANSWER 55. The allegations contained in paragraph 55 are denied as untrue.

ALLEGATION 56. Defendants violated the right to substantive due process; more than procedural fairness, Defendants violated the substantive component that protects individual liberty and property interests against any arbitrary exercise of governmental power regardless of the fairness of the "procedures."

ANSWER 56. The allegations contained in paragraph 56 are denied as untrue.

ALLEGATION 57. As described above, Defendants' conduct here was so arbitrary, capricious, and in complete disregard to Plaintiffs' constitutional rights as to shock the conscience, thereby violating Plaintiffs' constitutionally protected right of substantive due process.

ANSWER 57. The allegations contained in paragraph 57 are denied as untrue.

ALLEGATION 58. Defendants' actions wrongfully restricted Plaintiffs' protected speech, including the right to petition the government, and impermissibly infringed on constitutionally protected activity under the First Amendment.

ANSWER 58. The allegations contained in paragraph 58 are denied as untrue.

ALLEGATION 59. Defendants actions wrongfully denied Plaintiffs' right to equal protection of the laws, and impermissibly violated the Fifth Amendment.

ANSWER 59. As the Fifth Amendment applies only to the Federal government, and not the State or its subdivisions, the allegations contained in paragraph 59 are denied as untrue.

ALLEGATION 60. Article 1, § 3, of Michigan's Constitution protects the rights to petition the government for redress of grievances, Article 1, § 5, of Michigan's Constitution protects the freedom of speech, and Article 1, § 17, of Michigan's Constitution prohibits the deprivation of life, liberty or property without due process of law, and Defendants have violated these rights as well.

ANSWER 60. As this claim has previously been dismissed, the allegations contained in paragraph 60 are denied as untrue.

ALLEGATION 61. Defendants actions violated the Ninth Amendment by way of the violation of fundamental rights not explicitly set forth in the Bill of Rights, rights enforceable through the due process clause of the Fourteenth Amendment, including but not limited to rights relating to participation in a representative form of government and rights recognized by the laws and Constitution of Michigan, the Benton Harbor Charter, and the Benton Harbor Code of Ordinances.

ANSWER 61. In that the Ninth Amendment has never been recognized as creating substantive rights or a basis for a claim under 42 U.S.C. §1983, and plaintiffs' claims under the Michigan Constitution and Benton Harbor Charter and Ordinances have

previously been dismissed, the allegations contained in paragraph 61 are denied as untrue.

ALLEGATION 62. Defendants deprived Plaintiffs rights retained by the people under the Ninth Amendment, including but not limited to rights relating to participation in a representative form of government and rights recognized by the laws and Constitution of Michigan, the Benton Harbor Charter, and the Benton Harbor Code of Ordinances, and as such are answerable to Plaintiffs for money damages for the violation of their rights.

ANSWER 62. In that the Ninth Amendment has never been recognized as creating substantive rights or a basis for a claim under 42 U.S.C. §1983, and plaintiffs' claims under the Michigan Constitution and Benton Harbor Charter and Ordinances have previously been dismissed, the allegations contained in paragraph 62 are denied as untrue.

ALLEGATION 63. While acting under color of state law, Defendants' actions were not in the furtherance of any legitimate duties, and there actions were not related to any type of legitimate discretionary or policy-making decision.

ANSWER 63. The allegations contained in paragraph 63 are denied as untrue.

ALLEGATION 64. Defendants acted with bale(sic) motive and ill intent, and their actions action(sic) demonstrated reckless disregard or callous indifference for Plaintiffs' federally protected rights.

ANSWER 64. The allegations contained in paragraph 64 are denied as untrue.

ALLEGATION 65. Defendants' violations of their affirmative duties were a direct and proximate cause of the subsequent deprivation of Plaintiffs' constitutional rights described above.

ANSWER 65. The allegations contained in paragraph 65 are denied as untrue.

ALLEGATION 66.   Defendants, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiffs' constitutional rights.

ANSWER 66.   The allegations contained in paragraph 66 are denied as untrue.

ALLEGATION 67.   As a direct and proximate result of Defendants' conduct, Plaintiffs suffered physical and emotional injury, and other constitutionally protected rights described above.

ANSWER 67.   The allegations contained in paragraph 67 are denied as untrue.

ALLEGATION 68.   Defendants, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to Plaintiffs and all others impacted by the unlawful "Resident Participation Restriction."

ANSWER 68.   The allegations contained in paragraph 68 are denied as untrue.

ALLEGATION 69.   As a direct and proximate result of these policies, practices, and customs, Plaintiffs'(sic) were deprived of their constitutionally protected rights described above.

ANSWER 69.   The allegations contained in paragraph 69 are denied as untrue.

ALLEGATION 70.   As a direct and proximate cause of Defendants' wrongful actions discussed above, Plaintiffs have suffered economic loss and consequential damages, including harm to their reputation in the community, mental anguish, emotional distress, pain and suffering, fear, humiliation, embarrassment, outrage and indignity; Plaintiff have likewise suffered incidental losses and have incurred legal expenses.

ANSWER 70.   The allegations contained in paragraph 70 are denied as untrue.

## COUNT III

## CONSPIRACY TO VIOLATE CIVIL RIGHTS, THE OPEN MEETINGS ACT, THE MICHIGAN CONSTITUTION, AND THE BENTON HARBOR CHARTER, CODE OF ORDINANCES AND 42 USC § 1983, 1985, 1988.

ALLEGATION 71.    Plaintiffs reassert and re-allege each and every allegation contained in paragraphs 1 through 69 as though fully set forth herein.

ANSWER 71.    The Defendants incorporate by reference paragraphs 1 through 70 of their Answer as if set forth fully herein.

ALLEGATION 72.    Defendants and others acted together, and designed a scheme not only to exclude Plaintiffs from the political process completely, but also in acted(sic) in a manner to chill constitutionally protected rights.

ANSWER 72.    The allegations contained in paragraph 72 are denied as untrue.

ALLEGATION 73.    Defendants and others acted together and designed a scheme to quiet dissenting opinions.

ANSWER 73.    The allegations contained in paragraph 73 are denied as untrue.

ALLEGATION 74.    Defendants and others acted together and designed a scheme to avoid meaningful and vigorous public debate.

ANSWER 74.    The allegations contained in paragraph 74 are denied as untrue.

ALLEGATION 75.    Defendants and others acted together and designed a scheme to conduct its business in private, not publicly, and conducted public affairs by way of participation in various community groups and non-profit organizations.

ANSWER 75.    The allegations contained in paragraph 75 are denied as untrue.

ALLEGATION 76.   Defendants and others acted together, and designed a scheme retaliate(sic) against them for their efforts to exercise constitutionally protected rights.

ANSWER 76.   The allegations contained in paragraph 76 are denied as untrue.

ALLEGATION 77.   Defendants and others acted together and designed a scheme in knowing violation of the requirements of the OMA, Michigan's Constitution, the Benton Harbor Charter, and the Benton Harbor Code of Ordinances.

ANSWER 77.   The allegations contained in paragraph 77 are denied as untrue.

ALLEGATION 78.   Defendants failed to prevent or to aid in preventing the above wrongs which they had knowledge were about to occur and power to prevent.

ANSWER 78.   The allegations contained in paragraph 78 are denied as untrue.

ALLEGATION 79.   As a direct and proximate cause of Defendants tortious and intentional actions to violate Plaintiffs' rights under the United States Constitution, the OMA, Michigan's Constitution, the Benton Harbor Charter, the Benton Harbor Code of Ordinances, and the common law of Michigan, Plaintiffs have suffered economic loss and consequential damages, including harm to their reputation in the community, mental anguish emotional distress, pain and suffering, fear, humiliation, embarrassment, outrage and indignity; Plaintiffs have likewise suffered incidental losses and have incurred legal expenses.

ANSWER 79.   The allegations contained in paragraph 79 are denied as untrue.

WHEREFORE, for the foregoing reasons, the defendants respectfully request this Honorable Court enter judgment of no cause of action in their favor, deny the plaintiffs all relief, dismiss the plaintiffs' first amended complaint with prejudice in its entirety and award the defendants their actual, reasonable attorneys fees incurred in defending against this action.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, by and through their attorneys, PLUNKETT COONEY and raise the following Affirmative Defenses to the Plaintiffs' First Amended Complaint:

1. Count III of the plaintiffs' complaint fails to state a claim upon which relief can be granted.

2. There is no private or individual cause of action for an alleged violation of the Michigan Constitution.

3. There is no private or individual cause of action for an alleged violation of a City's Charter or a Code of Ordinances.

4. Plaintiffs' claims for an alleged violation of the Michigan Constitution and City of Benton Harbor Charter and ordinances have previously been dismissed and plaintiffs are estopped from re-asserting those claims.

5. Plaintiffs' claim of a Fifth Amendment violation fails as a matter of law as the Fifth Amendment does not apply to States or their subdivisions.

6. Plaintiffs' claim of a Ninth Amendment violation fails as a matter of law as the Ninth Amendment does not support a claim under 42 U.S.C. §1983.

7. Plaintiffs have failed to plead a prima facie case under 42 U.S.C. §1985.

8. Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine.

9. The claims against the individual defendants must be dismissed on the basis of qualified immunity.

10. Plaintiffs' procedural due process claims are barred as plaintiffs cannot prove the absence of adequate State remedies.

11. Plaintiffs' substantive due process claims are barred as plaintiffs have asserted a claim under a more specific constitutional provision – the First Amendment.

12. Plaintiffs have failed to mitigate damages.

13. Plaintiffs' conspiracy claims have previously been dismissed and plaintiffs are estopped from re-asserting those claims.

Respectfully submitted,

DATED: April 5, 2011         PLUNKETT COONEY

BY: /s/ Michael S. Bogren
    Michael S. Bogren (P34835)
    Attorney for Defendants

BUSINESS ADDRESS:
950 Trade Centre Way, Suite 310
Kalamazoo, MI 49002
**Direct Dial: 269/226-8822**

## JURY DEMAND

NOW COME the Defendants, by and through their attorneys PLUNKETT COONEY and hereby demand a Trial by Jury in this matter.

                                                        Respectfully submitted,

DATED:  April 5, 2011                      PLUNKETT COONEY

                                                BY:  /s/ Michael S. Bogren
                                                      Michael S. Bogren (P34835)
                                                      Attorney for Defendants

                                                BUSINESS ADDRESS:
                                                950 Trade Centre Way, Suite 310
                                                Kalamazoo, MI  49002
                                                **Direct Dial:  269/226-8822**

Open.20213.03051.10799133-1